UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAUL C. POCHE, ET AL. | CIVIL ACTION |
| VERSUS | NO: 15-5436 |
| EAGLE, INC., ET AL. | SECTION: "J"(4) |

## ORDER AND REASONS

Before the Court is a *Motion to Remand* **(Rec. Doc. 5)** filed by Plaintiffs, Paul C. Poche and Dorothy Poche, and an opposition thereto (Rec. Doc. 15) filed by Defendant, Foster Wheeler LLC ("Foster Wheeler"). Plaintiffs also requested $3,000 in attorneys' fees. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED** and Plaintiffs' request for attorneys' fees should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

This litigation derives from Plaintiff Paul Poche's diagnosis with mesothelioma following his exposure to asbestos-containing products. (Rec. Doc. 5-2.) On September 2, 2014, Mr. Poche and his wife, Dorothy Poche, filed suit against four Louisiana corporations in Civil District Court for the Parish of Orleans, alleging that the corporations mined, processed, manufactured, installed, removed, maintained, sold, or distributed asbestos or asbestos-containing products to which Mr. Poche was exposed. *Id.* The four corporations named as defendants were Anco Insulation,

1

Inc., Eagle, Inc. ("Eagle"), The McCarty Corporation ("McCarty"), and Taylor-Seidenbach, Inc. *Id.* All defendants were citizens of Louisiana. *Id.*

On December 12, 2014, Eagle and McCarty filed third-party demands against eight companies, including Foster Wheeler, seeking virile share contribution. (Rec. Doc. 5-3.) At least one of the third-party defendants was also a Louisiana citizen. *Id.* at 2. On May 18, 2015, Plaintiffs filed a supplemental and amending petition directly suing the eight third-party defendants. (Rec. Doc. 5-4.) However, Plaintiffs did not receive the court's leave to file the amending petition until July 28, 2015. (*See* Rec. Doc. 1, at 2.) Foster Wheeler filed declinatory exceptions, contesting Plaintiffs' service of the amended petition. *See id.* In the ensuing months, Plaintiffs and Defendants began settlement negotiations. *Id.* Eventually, all Defendants settled and were voluntarily dismissed, with the exceptions of Eagle and Foster Wheeler.[1] *Id.*

On September 22, 2015, Eagle filed for bankruptcy, resulting in an automatic stay of all actions against it. *Id.* at 3; *see* 11 U.S.C. § 362. With the action stayed against Eagle, Foster Wheeler filed a Notice of Removal in this Court on October 23, alleging that the federal courts have subject matter jurisdiction based on

---

[1] Defendants General Electric Company and CBS Corporation settled with Plaintiffs but have not been dismissed from the suit because the settlement has not been consummated. (Rec. Doc. 1-8.) Neither corporation is a Louisiana citizen.

diversity of citizenship. *Id.* at 6. On October 26, Plaintiffs filed a Motion to Remand to state court, which also sought $3,000 in attorneys' fees. (Rec. Doc. 5.) The motion was set for submission on November 18. On October 30, Plaintiffs filed a Motion to Expedite Consideration of the Motion to Remand, which Foster Wheeler opposed. (Rec. Doc. 8; Rec. Doc. 9.) This Court granted the Motion to Expedite on November 2, and Foster Wheeler filed its opposition to the Motion to Remand on November 9. (Rec. Doc. 10; Rec. Doc. 15.)

Dorothy Poche passed away on February 13, 2015. While the Court was considering the instant motion, Paul Poche passed away on October 29, 2015. Foster Wheeler filed Suggestions of Death for both Plaintiffs on November 9. (Rec. Doc. 13; Rec. Doc. 14.)

## **PARTIES' ARGUMENTS**

The movant argues that this Court lacks subject matter jurisdiction and that a remand to state court is proper. According to Plaintiffs, the parties are not completely diverse because the Plaintiffs and at least one defendant were citizens of Louisiana on the relevant date. Plaintiffs argue that complete diversity must exist when the suit is initially filed in state court in order for it to be removable. Plaintiffs suggest four potential dates of filing: September 2, 2014 (date of filing of the original petition), December 12, 2014 (date of filing the third-party demand), May 18, 2015 (date of filing the amended petition), and

3

July 28, 2015 (date of the state court's grant of leave to file the amended petition). Because the parties were not completely diverse on those dates, Plaintiffs argue that removal is improper.

Plaintiffs also take issue with Foster Wheeler's characterization of Eagle as a "nominal" party. According to Plaintiffs, Foster Wheeler's argument that the bankruptcy court's automatic stay rendered Eagle a nominal party lacks support. Because of Mr. Poche's advanced age and medical condition, the state court scheduled an expedited trial on November 30, 2015. Plaintiffs ask that this case be remanded so the trial can proceed as scheduled.

In its opposition, Foster Wheeler first argues that the case became removable when it received notice that Taylor-Seidenbach, Inc. had settled with Plaintiffs. Besides Eagle, Taylor-Seidenbach was the last Louisiana defendant. Foster Wheeler filed its Notice of Removal within thirty days of receiving the notice of settlement. Second, Foster Wheeler argues that Eagle is a nominal party because no court can render a judgment against Eagle after the bankruptcy court automatically stayed all actions against it. Finally, Foster Wheeler asserts that its removal was reasonable, and thus Plaintiffs are not entitled to attorneys' fees.

## LEGAL STANDARD

A defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the

4

action. *See* 28 U.S.C. § 1441(a). The district courts have original jurisdiction over cases involving citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest or costs. 28 U.S.C. § 1332(a)(1). The removing party bears the burden of proving by a preponderance of the evidence that federal jurisdiction exists at the time of removal. *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Ambiguities are construed against removal and in favor of remand because removal statutes are to be strictly construed. *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002).

   The procedure for removal of civil actions derives from United States Code Title 28, Section 1446. Section 1446(b) provides that the notice of removal "shall be filed within [thirty] days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading" if such initial pleading indicates that the civil action is removable. 28 U.S.C. § 1446(b)(1). If it only becomes clear that the action is removable after receipt of "an amended pleading, motion, order or other paper," then the notice of removal "may be filed within [thirty] days [of] receipt" of that document. *Id.* § 1446(b)(3).

   The jurisdictional facts supporting removal are examined as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). When a case is removed based on diversity, the case must have been removable at the time it was

filed in state court, meaning that post-filing changes in a party's citizenship will not convert a nonremovable case into a removable one. *Gibson v. Bruce*, 108 U.S. 561, 563 (1883). However, even when a case is initially nonremovable, it may later become removable through the dismissal of all nondiverse parties. *Estate of Martineau v. ARCO Chem. Co.*, 203 F.3d 904, 910 (5th Cir. 2000); *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 934 F. Supp. 209, 212 (E.D. La. 1996). The dismissal of the nondiverse parties must be certain, but it need not be formal and final. *Vasquez v. Alto Bonito Gravel Plant Corp.,* 56 F.3d 689, 694 (5th Cir. 1995), *abrogated on other grounds by Padilla v. LaFrance,* 907 S.W.2d 454, 460 (Tex. 1995). A settlement is certain when it is enforceable according to the applicable state law. *Vasquez,* 56 F.3d at 694.

Further, the power to remove a previously nonremovable action is curtailed by the jurisprudential "voluntary-involuntary" distinction, which "provides that a case that is non-removable on its initial pleadings can only become removable pursuant to a voluntary act of the plaintiff." *Ratcliff v. Fibreboard Corp.*, 819 F. Supp. 584, 586 (W.D. Tex. 1992). A plaintiff's decision to enter into a settlement is considered voluntary. *Id.* at 587. Therefore, the voluntary-involuntary rule does not bar removal after nondiverse parties are dismissed as the result of voluntary settlements. *Id.* If the nondiverse party is dismissed by means

6

involuntary to the plaintiff, such as by a motion for summary judgment, the case does not become removable. *Id.* The Fifth Circuit has recognized two situations in which the plaintiff's voluntariness is irrelevant: (1) when the court dismisses a claim against a nondiverse defendant based on fraudulent joinder and (2) when the state court severs the claims against improperly joined nondiverse defendants, rendering the action against the diverse defendant removable. *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006).

Only the citizenship of real parties in interest is relevant for diversity jurisdiction. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). The joinder of nondiverse formal, nominal, or unnecessary parties cannot prevent removal to federal court. *Nunn v. Feltinton*, 294 F.2d 450, 453 (5th Cir. 1961). To establish that a nondiverse defendant is a mere nominal party, the removing defendant must demonstrate that "there is no possibility that the plaintiff would be able to establish a cause of action" against the nondiverse defendant. *See Farias v. Bexar Cnty. Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 871 (5th Cir. 1991) (quoting *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir. 1981)).

When a district court remands a case to state court, the judge has the discretion to award to the non-removing party attorneys' fees incurred as a result of removal. 28 U.S.C. § 1447(c); *Miranti*

*v. Lee,* 3 F.3d 925, 929 (5th Cir. 1993). However, the court should decline to award fees when the removing party has "an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 136 (2005). To determine whether the removing party had an objectively reasonable basis for removal, the court will consider the "objective merits of removal at the time of removal." *Omega Hosp., L.L.C. v. La. Health Serv. & Indem. Co.*, 592 F. App'x 268, 270 (5th Cir. 2014); *Valdes v. Wal-Mart Stores, Inc.,* 199 F.3d 290, 293 (5th Cir. 2000).

## DISCUSSION

### A. Motion to Remand

First, Plaintiffs argue that removal is only proper if complete diversity existed at the time they filed their state court suit. Plaintiffs are incorrect. A case that is initially nonremovable may become removable through the voluntary dismissal of nondiverse defendants. Here, all but one of the nondiverse defendants entered into settlements, and Plaintiffs voluntarily dismissed them. At the time of removal, Eagle was the sole remaining nondiverse defendant. Thus, the propriety of removal turns on Eagle's status at the time of removal.

The parties do not contest that Eagle is a Louisiana citizen because it is organized under Louisiana law and has its principal place of business in Louisiana. However, Foster Wheeler contends that Eagle's citizenship is irrelevant because Eagle was a nominal

8

party at the time of the removal due to the automatic stay issued by the bankruptcy court. Assuming without deciding that Foster Wheeler's characterization of Eagle as a nominal party is correct, its removal was still improper because the automatic stay did not result in a certain, voluntary dismissal of Eagle. An automatic stay is merely a temporary suspension of the proceedings; it does not amount to a certain and final dismissal. *Reichley v. Abercrombie & Fitch Stores, Inc.*, No. 09-838, 2009 WL 5196140, at *2 (W.D. Mich. Dec. 22, 2009); *Sutton Woodworking*, 328 F. Supp. 2d at 605. Moreover, the automatic stay was not the result of a voluntary act of the Plaintiffs.

The few district courts that have confronted this issue have decided that removal is improper when the action against a nondiverse defendant is automatically stayed *after* the plaintiff files suit in state court. *Reichley*, 2009 WL 5196140, at *2; *Sutton Woodworking*, 328 F. Supp. 2d at 607. However, removal is proper if bankruptcy court stays all actions against the nondiverse party *before* the plaintiff files suit. *Myers v. All. for Affordable Servs.*, 318 F. Supp. 2d 1055, 1057 (D.Colo. 2004); 26 No. 5 Don Zupanec, Federal Litigator § 7 (2011). Finally, Foster Wheeler also failed to show that the voluntary-involuntary distinction does not apply because Eagle is a fraudulently or improperly joined party. Because Plaintiffs did not voluntarily dismiss Eagle, its

9

citizenship is still relevant for determining whether diversity jurisdiction exists.

The presence of Eagle, a citizen of Louisiana, in the lawsuit at its inception and at the time of removal destroys complete diversity. Thus, this Court lacks subject matter jurisdiction, and Plaintiffs' Motion to Remand must be granted.

**B. Request for Attorneys' Fees**

Plaintiffs requested $3,000 in attorneys' fees incurred because of the removal. However, Foster Wheeler had an objectively reasonable basis for seeking removal due to the novelty of the issues. Therefore, Plaintiffs are not entitled to an award of attorneys' fees.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' *Motion to Remand* **(Rec. Doc. 5)** is **GRANTED**, and Plaintiffs' request for attorneys' fees is **DENIED**.

New Orleans, Louisiana this 10th day of November, 2015.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE